UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**FILED**
July 10, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: CM
DEPUTY

| | | |
|---|---|---|
| SAEKYU OH, an individual, and OH, DMD, INC. f/k/a SAEKYU OH, DMD, DENTAL CORP., a California corporation, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | 5:25-CV-1536-MA |
| | § | |
| SMILE LAND FAMILY DENTAL, PLLC d/b/a SMILE LAND FAMILY DENTAL, a Texas professional limited liability company, and BASSAM ABDULNAIM ABAZID, an individual, | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER**

The Court now considers "Defendants' Motion to Dismiss Amended Complaint," filed by Defendants Smile Land Family Dental, PLLC d/b/a Smile Land Family Dental and Bassam Abdulnaim Abazid d/b/a Smile Land Family Dental (collectively, "Defendants");[1] Plaintiffs Saekyu Oh and Oh, DMD, Inc. f/k/a Saekyu Oh, DMD, Dental Corp.'s (collectively, "Plaintiffs") Response,[2] and Defendants' Reply.[3] After considering the motion, record, and relevant legal authorities, the Court **GRANTS** Defendants' motion **IN PART** for the reasons stated below.

---

[1] Dkt. No. 24.
[2] Dkt. No. 25.
[3] Dkt. No. 27.

## I. BACKGROUND

This is a trademark infringement case.[4] Plaintiffs, who operate numerous dental practices under federally registered SMILELAND DENTAL service marks (the "Asserted Marks"), allege that Defendants have provided dental services in San Antonio, Texas under the name "Smile Land Family Dental," despite Plaintiffs' cease-and-desist letters.[5] Plaintiffs assert claims for trademark infringement, trademark dilution, unfair competition, and cybersquatting under the Lanham Act, as well as trademark infringement, trademark dilution, false advertising, and unfair competition claims under Texas statutory and common law.[6]

Plaintiff Saekyu Oh, DMD, Dental Corp. ("Oh, DMD") commenced this action against Defendant Bassam Adbulnaim Abazid d/b/a Smile Land Family Dental ("Dr. Abazid") on November 20, 2025.[7] On March 9, 2026, Dr. Abazid filed a motion to dismiss, asserting that Oh, DMD lacked standing to bring the instant trademark infringement claim because "[t]he registration certificates for the Asserted Marks show that they are owned by a Saekyu Oh."[8]

On March 30, 2026, Plaintiffs Oh, DMD and Saekyu Oh ("Dr. Oh") filed an Amended Complaint, this time asserting claims against both Dr. Abazid and Smile Land Family Dental, PLLC d/b/a Smile Land Family Dental ("SLFD").[9]

Defendants filed the instant motion to dismiss on April 30, 2026,[10] challenging Plaintiffs' Amended Complaint under Federal Rule of Civil Procedure 12(b)(1), 12(b)(6), and 12(b)(7).

---

[4] The Court notes that the Asserted Marks, which relate to dental services, are properly characterized as service marks rather than trademarks. Although the distinction can be significant in some contexts, it is often blurred in common and judicial usage and serves little substantive purpose here. Accordingly, for ease of reference, the Court refers to this matter as a "trademark" case.
[5] Dkt. No. 17, at ¶¶ 10–23.
[6] Dkt. No. 17, at ¶¶ 24–47.
[7] Dkt. No. 1.
[8] Dkt. No. 14, at 2–3.
[9] Dkt. No. 17.
[10] Dkt. No. 24.

Plaintiffs timely responded,[11] and Defendants replied.[12] The motion is now ripe for review.

## II. JURISDICTION

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims arise under the Lanham Act, 15 U.S.C. §§ 1051 et seq., and therefore present a federal question. Specifically, Plaintiffs assert claims for trademark infringement and related unfair competition under federal law.

The Court also has supplemental jurisdiction over Plaintiffs' related state and common law claims, including claims for unfair competition and trademark infringement under Texas law, pursuant to 28 U.S.C. § 1367(a). These claims form part of the same case or controversy as the federal claims because they arise from a common nucleus of operative fact, namely Defendants' alleged use of the disputed marks in commerce.

### a. 12(b)(1) Dismissal

Defendants move to dismiss under Rule 12(b)(1),[13] 12(b)(6),[14] and 12(b)(7).[15] Defendants do not identify which of their arguments corresponds to which rule or to which count. Instead, they assert in broad terms that "[Oh, DMD] lacks statutory standing, Dr. Oh has brought no causes of action against any of the Defendants, the Complaint fails to state a cause of action against Dr. Abazid individually, and," if the federal trademark claims are dismissed, "this Court lacks supplemental jurisdiction over the state law claims."[16]

---

[11] Dkt. No. 25.
[12] Dkt. No 27.
[13] FED. R. CIV. P. 12(b)(1) ("lack of subject-matter jurisdiction").
[14] FED. R. CIV. P. 12(b)(6) ("failure to state a claim upon which relief can be granted").
[15] FED. R. CIV. P. 12(b)(7) ("failure to join a party under Rule 19").
[16] Dkt. No. 24, at 4.

None of these challenges implicate Rule 12(b)(7), which pertains to failure to join a party. Further, as "[s]tatutory standing 'does not implicate subject-matter jurisdiction,'"[17] Defendants' challenges as to Oh, DMD's statutory standing and the sufficiency of the allegations as to Dr. Abazid are merits challenges to the sufficiency of the pleadings and thus fall properly under Rule 12(b)(6). The only colorable Rule 12(b)(1) issue is Defendants' contention that the Court would lack supplemental jurisdiction over Plaintiffs' state law infringement claims if their federal claims are dismissed. As this is not a threshold 12(b)(1) issue, the Court proceeds directly to analysis of Defendants' Rule 12(b)(6) arguments, with the question of supplemental subject-matter jurisdiction arising, if at all, after considering Plaintiffs' federal claims on the merits.

## III. ANALYSIS

### a. Legal Rule

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[18] This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[19] Courts first disregard from their analysis any conclusory allegations as not entitled to the assumption of truth,[20] but regard well-pled facts as true, viewing them in the light most favorable to the plaintiff.[21] Courts then undertake the "context-specific" task of determining whether the remaining well-pled allegations give rise to an entitlement to relief that is plausible, rather than merely possible or conceivable.[22] "In considering a motion to dismiss for failure to

---

[17] *See Neutron Depot, L.L.C. v. Bankrate, Inc.*, 798 F. App'x 803, 806 (5th Cir. 2020) (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 n.4 (2014) (internal citation omitted)).
[18] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *cert. denied*, 552 U.S. 1182 (2008) (internal quotation marks omitted)).
[19] *Twombly*, 550 U.S. at 555.
[20] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).
[21] *Id.*
[22] *See id*. at 679–80.

state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto."[23]

***i. Oh, DMD's Statutory Standing (Counts 1 & 2)***

To plead a successful infringement claim, under either Section 32(1) or 43(a) of the Lanham Act, a plaintiff must ultimately show that "(1) it possesses a legally protectable trademark and (2) [d]efendant's use of this mark 'creates a likelihood of confusion as to source, affiliation, or sponsorship'"[24] At the pleading stage, factual allegations supporting these elements is sufficient to defeat a motion to dismiss.

Defendants argue that Oh, DMD fails to establish statutory standing in satisfaction of the first element because the Amended Complaint allegedly contains contradictory allegations about ownership of the Asserted Marks, rendering Oh, DMD's claims "fatally" defective.[25] Defendants claim that both Dr. Oh and Oh, DMD purport to be the "record owner" of the Asserted Marks to the exclusion of the other's claims.[26] Defendants point to the statement in the complaint that Dr. Oh "is, or was, the registered trademark owner," which Defendants characterize as in conflict with Oh, DMD's assertion that it "is now the owner of the trademarks at issue herein."[27] Defendants cite to United States Patent and Trademark Office ("USPTO") registration certificates for the Asserted Marks, annexed from the earlier motion to dismiss.[28] That registration lists Dr. Oh as the record owner on file with the USPTO. Thus, Defendants argue that Oh, DMD is not a "true" owner or assignee of the Asserted Marks with statutory standing to bring an infringement claim.[29]

---

[23] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).
[24] *Rex Real Estate I L.P. v. Rex Real Estate Exchange Inc.*, 80 F.4th 607 (5th Cir. 2023) (internal quotation marks omitted).
[25] Dkt. No. 24, at 5.
[26] Dkt. No. 24, at 5 (citing 17, at ¶¶ 3–4).
[27] Dkt. No. 24, at 4.
[28] Dkt. No. 14-1.
[29] *See* Dkt. No. 24, at 5 (citing 15 U.S.C. § 1051(a)(1)).

In their response to Defendants' motion, Plaintiffs assert that:

> The Individual Plaintiff registered the trademarks in question and has been the registered owner continuously since the registration. During such time, the Individual Plaintiff operated the Corporate Plaintiff, who had exclusive license to use the trademarks. For a period of time, such exclusive license was oral. Subsequently, trademark ownership has been transferred outright to the Corporate Plaintiff pursuant to a written assignment between the Plaintiffs. Plaintiffs claims, as amended, are therefore brought jointly – the Individual Plaintiff has standing for infringement occurring during that period of time during which he was the owner of the trademarks, and the Corporate Plaintiff has standing for infringement occurring through the present and into the future.[30]

Plaintiffs acknowledge that these details are "not stated with specificity in the Amended Complaint" but argue that the existing allegations, construed favorably, support their standing as described.[31] Defendants, in reply, characterize Plaintiffs' account as a "new allegation" untethered to the current pleading. [32]

The Court agrees that Plaintiffs' response includes extrajudicial information not properly before it at this stage, but finds that the complaint nevertheless alleges sufficient facts to meet Oh, DMD's burden to allege standing. Contrary to Defendants' assertion that Plaintiffs advance contradictory claims of ownership, a review of the pleadings makes clear that Plaintiffs do not assert competing ownership interests. Dr. Oh does not allege that he is the current "true" owner of the Asserted Marks; rather, he alleges that he "is, or was, the registered trademark owner for the trademarks at issue herein," meaning the last individual to have submitted proof of ownership to the USPTO.[33] By contrast, Oh, DMD alleges that it "has been the assignee and/or sole and exclusive licensee, and . . . is now the owner of the trademarks at issue herein."[34] Although Dr.

---

[30] Dkt. No. 25, at 3.
[31] Dkt. No. 25, at 3.
[32] Dkt. No. 27, at 3.
[33] Dkt. No. 17, at ¶ 3.
[34] Dkt. No. 17, at ¶¶ 3–4.

Oh's "is, or was" phrasing is imprecise, the Court reasonably interprets the allegations not as asserting simultaneous ownership, but as reflecting that Dr. Oh originally owned the Asserted Marks and subsequently transferred them to Oh, DMD—previously the sole licensee and assignee. The fact that this transfer is not yet reflected in USPTO records does not, at this stage, defeat Plaintiffs' allegations of standing.

As the "complaint must be liberally construed in favor of the plaintiff,"[35] the allegation that Oh, DMD "has been the assignee and/or exclusive licensee, and [] is now the owner of the trademarks at issue"[36] is sufficient to satisfy the requirement that OH, DMD has a possessory interest in the Asserted Marks. The motion to dismiss on the basis that Oh, DMD does not have statutory standing is **DENIED**.

***ii. Dr. Oh's Statutory Standing and Asserted Claims (Counts 1 & 2)***

Having resolved this issue, the Court turns to Defendants' second argument—that Dr. Oh has asserted no causes of action against any of the Defendants. Defendants do little to flesh out this argument other than to reference a statement in the complaint wherein Plaintiffs reference "its" rights in the marks. Presumably because Plaintiffs use the singular term "its" rather than the plural term "theirs", Defendants claim this only refers to Oh, DMD.[37] Contrary to Defendants' assertion, both Plaintiffs make the same allegations, as the complaint identifies them collectively as "SODDC."[38] Plaintiffs allege that, collectively, they "ha[ve] been[] in the business of offering dental services" for the past sixteen years.[39] They further allege that they possess "longstanding trademark rights" in the Asserted Marks, which are "reflected in part" by federal trademark

[35] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)
[36] Dkt. No. 17, at ¶ 4.
[37] *See* Dkt. No. 24, at 4–5.
[38] Dkt. No. 17, at 1.
[39] Dkt. No. 17, at ¶ 10.

registrations.[40] The Court takes judicial notice of USPTO records for the Asserted Marks, which indicate that Dr. Oh filed the earliest application on May 12, 2009, and that the most recent mark was registered to him on February 11, 2025, following an application filed on February 14, 2024.[41]

Plaintiffs allege that, in March 2024—approximately fifteen years after the first Asserted Mark was federally registered—they became aware that Defendants were offering dental services in San Antonio, Texas under the names and marks "SMILELAND," "SMILELAND PEDIATRIC DENTISTRY," and "SMILE LAND FAMILY DENTAL," and through the website "smilelanddentalsa.com."[42] Plaintiffs further allege that they jointly sent cease-and-desist letters on June 25, 2024, and June 3, 2025, without success.[43]

The Court finds that Plaintiffs have plausibly alleged that both Dr. Oh and Oh, DMD possessed an interest—whether as owner or assignee—in at least one of the Asserted Marks at the time of the alleged infringement. As to Oh, DMD, the complaint alleges that it has acted as assignee and/or owner of the Asserted Marks for the past sixteen years. As to Dr. Oh, even assuming he is no longer the current owner of the Marks, the complaint plausibly alleges that he retained an ownership interest during at least a portion of the period in which Defendants' alleged infringement occurred.

This joint posture presents no material evidentiary concern at the pleading stage. Plaintiffs ultimately bear the burden of establishing ownership or assignment of each Asserted Mark at the relevant time, and Plaintiffs have alleged Defendants' use of the marks create a likelihood of confusion as to source, affiliation, or sponsorship. That is all that is required to survive a motion

---

[40] Dkt. No. 17, at ¶ 11.
[41] Dkt. No. 14-1, at 5.
[42] Dkt. No. 17, at ¶¶ 2, 13–14.
[43] Dkt. No. 17, at ¶ 17.

to dismiss. Accordingly, Dr. Oh has plausibly alleged both ownership interests and factual support for his claims sufficient to survive Defendants' motion to dismiss.

***iii. Piercing the Veil (Counts 6 & 7)***

Defendants also move to dismiss Plaintiffs' claims for contributory and vicarious trademark infringement against Dr. Abazid in his individual capacity.[44] Framing the claims as an improper attempt to pierce the corporate veil, Defendants argue that Plaintiffs rely on "mere labels and conclusions" and allege no facts linking Dr. Abazid to Smile Land Family Dental, PLLC's purportedly infringing conduct.[45]

The argument misconstrues the nature of Plaintiffs' claims. Contributory and vicarious trademark liability are theories of personal liability and do not require veil piercing.[46] The relevant question at this stage is whether Plaintiffs have alleged facts that, if true, plausibly establish that Dr. Abazid personally participated in, directed, or knowingly facilitated the infringing conduct.

The Complaint alleges that Dr. Abazid, doing business as Smile Land Family Dental, "own[s] and operate[s] the . . . Smile Land Family Dental office in San Antonio, Texas, and the smilelanddentalsa.com website" through which the infringing marks are being used.[47] It further alleges that he is the entity's sole medical practitioner and public face, and that he continued the challenged use after receiving at least one cease-and-desist letter addressing the alleged infringement.[48] These factual allegations, taken as true, support a reasonable inference that Dr. Abazid had knowledge of the alleged infringement and either induced it or materially contributed to it, as necessary to allege a claim of contributory trademark infringement.[49] They likewise permit

---

[44] Dkt. No. 24, at 6.
[45] Dkt. No. 24, at 6–7.
[46] *Phoenix Ent. Partners LLC v. Boyte*, 247 F. Supp. 3d 791, 796–97 (S.D. Tex. 2017) (internal citations omitted).
[47] Dkt. No. 17, at ¶¶ 5–6, 14.
[48] Dkt. Nos. 17, at ¶¶ 17–19, 47; 17-1.
[49] *See Phoenix*, 247 F. Supp. 3d at 797 (citing *1–800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1240 (10th Cir. 2013) (citing *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 853–54 (1982)) (defining contributory

the inference that he exercised sufficient control over the instrumentalities of infringement to support vicarious liability.[50] At the pleading stage, no more is required. Plaintiffs have alleged enough to render their claims against Dr. Abazid "across the line from conceivable to plausible."[51] Defendants' motion to dismiss is therefore **DENIED** as to these claims.

***iv. State Law Claims (Counts 3 & 4)***

In their final argument, Defendants challenge Plaintiffs' Texas statutory and common-law infringement, false advertising, and unfair competition claims, alleging that Plaintiffs lack sufficient connections to Texas to have any statutory or common-law claims under Texas law.[52]

The Court agrees that Plaintiffs have failed to plead a viable claim for state statutory infringement under Texas Business and Commerce Code § 16.102. That provision applies to marks registered with the Texas Secretary of State, not to federal registrations, and Plaintiffs do not allege that the Asserted Marks are registered in Texas.[53] Plaintiffs likewise fail to plead facts sufficient to support a claim under Texas Business and Commerce Code § 16.103, which protects only "famous" marks "widely recognized by the public throughout this state or in a geographic area in this state as a designation of source of the goods or services of the mark's owner."[54] The complaint contains no allegations that Plaintiffs' marks are widely recognized in Texas, whether statewide or within any particular region, as identifying the source of dental services. Plaintiffs do not allege that they currently provide or have provided dental services in Texas at all, stating only

---

infringement as "intentionally causing or knowingly facilitating the infringement of the plaintiff's mark by a third party.")).

[50] *See Phoenix*, 247 F. Supp. 3d at 797 (quoting *Hard Rock Café Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1150 (7th Cir. 1992) ("[V]icarious liability for trademark infringement requires 'a finding that the defendant and the infringer have an apparent or actual partnership, have authority to bind one another in transactions with third parties or exercise joint ownership or control over the infringing product.'").

[51] *Twombly*, 550 U.S. at 570.

[52] Dkt. No. 24, at 8.

[53] *See* TEX. BUS. & COM. CODE ANN. § 16.102.

[54] TEX. BUS. & COM. CODE ANN. § 16.103.

that they "own commercial real estate in El Paso, T[exas], and [are] actively planning for expansion into other urban centers in Texas, including San Antonio."[55] This stated intent to expand, even if plausible, falls short of the statutory threshold for a mark to be "in actual use" in Texas.[56]

Having resolved the state statutory issues, the Court turns to Plaintiffs' common-law theories of trademark infringement, unfair competition, and false advertising under Texas law. The Court observes that because "Texas does not appear to recognize a common law claim for false advertising,"[57] Plaintiffs cannot state a viable common-law false-advertising claim as a matter of law.

Unfair competition is an "umbrella" term used to describe "all statutory and non[-]statutory causes of action arising out of business conduct which is contrary to honest practice in industrial or commercial matters,"[58] including: trademark infringement; dilution of good will; misappropriation of business value; palming off; passing off; and theft of trade secrets.[59] In Texas, unfair competition is a derivative tort that must be predicated on a viable underlying tort or other unlawful conduct.[60]

Here, Plaintiffs do not specify what kind of unfair-competition claim they assert. They allege only that "Defendant's acts constitute infringement of [the Asserted Marks] . . . misappropriation of [Plaintiffs'] goodwill in those marks, and unfair competition under Texas

---

[55] Dkt. No. 17, at ¶ 10.
[56] *See* TEX. BUS. & COM. CODE ANN. § 16.003(b) ("A mark is considered to be in use in this state in connection with services when the mark is used or displayed in this state in connection with selling or advertising the services **and** the services are rendered in this state.") (cleaned up).
[57] *SSCP Mgmt. Inc. v. Sutherland/Palumbo, LLC*, No. 02-19-00254-CV, 2020 WL 7640150, at *11 (Tex. App.—Fort Worth Dec. 23, 2020, pet. denied) (internal citations omitted).
[58] *Boltex Mfg. Co., L.P. v. Ulma Piping USA Corp*., 389 F. Supp. 3d 507, 519 (S.D. Tex. 2019) (quoting *Taylor Pub. Co. v. Jostens, Inc*., 216 F.3d 465, 486 (5th Cir. 2000)).
[59] *Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263, 287 (Tex. App.—Tyler 2021, pet. denied) (internal citations omitted).
[60] *See Greenville Automatic Gas Co. v. Automatic Propane Gas & Supply, LLC*, 465 S.W.3d 778, 788 (Tex. App.—Dallas 2015, no pet.) (internal citations omitted).

common law."[61] As pled, Plaintiffs' unfair-competition theory is expressly tethered to alleged "infringement" and "misappropriation" of goodwill in the Asserted Marks, and they identify no other wrongful conduct than Defendants' alleged violation of their trademark rights. The Court therefore treats Plaintiffs' common-law unfair-competition claim as derivative of Plaintiffs' trademark-infringement theory.

"A trademark infringement and unfair competition action under Texas common law presents essentially 'no difference in issues than those under federal trademark infringement actions.'"[62] To prevail, a plaintiff must show ownership of a protectable mark, which under Texas law generally requires actual use in association with a particular source of a good or service.[63] Common-law trademark rights are limited geographically and extend only to the areas in which the mark has actually been used in commerce.[64]

As the Court has already discussed, Plaintiffs do not plausibly establish "actual use" of the marks in this state. Without actual use in Texas, Plaintiffs can have no common-law trademark rights or associated goodwill in the state to be infringed or misappropriated. It follows that Plaintiffs fail to allege facts sufficient to support a viable Texas common-law infringement claim, and because their unfair-competition theory is entirely derivative of that alleged infringement, the unfair-competition claim necessarily fails as well.

---

[61] Dkt. No. 17, at ¶ 32.

[62] See *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 236 n.7 (5th Cir. 2010); *see also Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 484 (5th Cir. 2004).

[63] *Graham v. Mary Kay Inc.*, 25 S.W.3d 749, 754 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) ("[T]o allege a viable unfair competition trademark-infringement claim, a plaintiff must show that its trade name has developed a secondary meaning such that "a trademark identifies a particular producer in the mind of the public.").[63]

[64] *Reese Finer Foods, Inc. v. El Rio Corp*., No. CIV. A-85-CA-640, 1987 WL 15892, at *1 (W.D. Tex. Mar. 30, 1987) (quoting *Cano v. Macarena,* 606 S.W.2d 718, 722 (Tex. App.—Corpus Christi 1980, writ dism'd) ("Generally, the enforceable right to a trademark *within the geographical area of its use* is acquired at common law by the one who first adopted and used it."); *see also BankTEXAS, N.A. v. First Bank*, No. 05-96-00497-CV, 1998 WL 12658, at *2 (Tex. App.—Dallas Jan. 15, 1998, no pet.) ("An enforceable right to a trademark is acquired at common law by the person who first adopts and uses it in a particular geographic area.").

Plaintiffs have already amended their complaint after Defendants first identified these pleading deficiencies in their original motion to dismiss, and the amended complaint does not remedy those defects. In light of this and the nature of the deficiencies in Plaintiffs' state-law pleadings, the Court finds that any further amendment would be futile. Accordingly, Plaintiffs' Texas statutory and common-law claims (Counts 3 & 4) are **DISMISSED WITH PREJUDICE**.

## IV. CONCLUSION AND HOLDING

Accordingly, Defendants' motion is **GRANTED IN PART** as to Plaintiffs' Third and Fourth Claims for Relief. Plaintiffs' statutory trademark infringement and dilution claims under Texas Business and Commerce Code §§ 16.102–16.103, as well as their common-law claims for trademark infringement, false advertising, and unfair competition under Texas law, are **DISMISSED WITH PREJUDICE**. Defendants' motion is **DENIED** in all other respects.

A scheduling order will issue separately.

IT IS SO ORDERED.

DONE this 9th day of July, 2026, in San Antonio, Texas.

MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE